## William H. Sunderland v. Pioneer Fire Proof Construction Co.

1. Instructions—*Must be Confined to the Issues.*—Where some counts of a declaration charge mere negligence and others charge the acts complained of to have been wantonly and willfully done it is error to instruct the jury that they can not find the defendant guilty unless the plaintiff shows by the greater weight of the evidence that the act complained of was willfully or wantonly done, without stating to what counts such instructions are applicable.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of La Salle County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

## STATEMENT.

Appellee has a factory in the city of Ottawa, has clay pits east of the city, and uses clay therefrom in its factory. To transport said material it has a private tramway operated by electricity and leading from the pits to the factory. This tramway goes along Main street in said city a part of said distance, and crosses the Fox river upon a bridge on said street within the city. On May 25, 1896, a train of appellee was going west, composed of a motor car and two cars attached loaded with clay, and this train came upon the east end of the bridge. At the same time appellant was coming from the west, driving a horse and buggy, and having another man with him. He drove upon the west end of the bridge. His horse became frightened by the motor and train and by a peculiar hissing noise emitted by the motor. Appellant went to his horse's head and attempted to hold and quiet him. He claimed he signaled and shouted to the motorman to stop; that the latter disregarded his signals and calls and came on, and when just opposite him turned on more electricity and increased the hissing sound and still further frightened his horse.

The horse broke from him and threw him down, and the buggy passed over him. His collar bone, leg and elbow joint were broken. He claimed the motorman was negligent, and that appellee was responsible, and sued for damages. Appellee disputed many of the alleged facts set up by appellant; denied any such signals were seen or heard; claimed that the motorman was careful; and that the horse was unruly and known to appellant to be so; that appellant could have seen the cars before going upon the bridge, and could have turned aside and avoided the accident; and that appellant was guilty of negligence which caused or contributed to his injury. The evidence upon these subjects

was conflicting.    There was a jury trial upon issues joined, and verdict and judgment for appellee.    This is an appeal therefrom.

BUTTERS, CARR & GLEIM, attorneys for appellant.

SAMUEL RICHOLSON, attorney for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

There were seven counts in the declaration.    It is claimed that as to all but the second there was a variance between the declaration and the proofs, because said counts charged plaintiff was driving his horse, while the proof showed that before the injury plaintiff had stopped, got out of his buggy and taken his horse by the head.    We do not need to determine this contention, for the second count certainly stated the situation and the case as the proofs tended to establish them.    It charged mere negligence, and there was proof tending to support it.    In this state of the pleadings and proofs the court erred in giving at the request of appellee the sixth instruction which told the jury they could not find the appellee guilty unless appellant had shown by the greater weight of the evidence that the act complained of was willfully or wantonly done.    This error was not cured or waived by the act of appellant in asking instructions that if the jury believed the injury was caused by the willful and wanton act of the motorman they should find for plaintiff.    Appellant had two counts, the fifth and seventh, which charged that the injury was caused by willful and wanton acts of the motorman.    Said instructions asked by appellant were properly applicable to said fifth and seventh counts.    If the sixth instruction given at request of appellee had been that appellant could not recover under the fifth and seventh counts unless he proved by the greater weight of evidence that the act complained of was willfully or wantonly done, it would have been correct; but as asked and given it required that character of proof

in order to a recovery under any of the other five counts, which charged mere negligence.

Appellee was permitted to prove over appellant's objection that the motorman had on other occasions been careful and had on other occasions assisted those driving other horses when meeting them under like circumstances. The true issue was whether the motorman was negligent on the occasion when appellant was hurt. This evidence should not have been admitted. A number of leading and suggestive questions were improperly permitted to be put by appellee to its witnesses on direct examination, notwithstanding objections interposed. The judgment will be reversed and the cause remanded for a new trial.